Stanley M. Thompson Ray County Prosecuting Attorney Post Office Box 535 Richmond, Missouri 64085
Dear Mr. Thompson:
This opinion letter is in response to your questions asking:
 Regarding funds generated under the authority of Section 483.310.2, RSMo, from money deposited by the Circuit Clerk:
 1. Who controls the expenditure of such funds; the Presiding Circuit Judge under the general superintending authority of the Court, or the Circuit Clerk under the provisions of the statute?
 2. May such funds be expended, other than for travel and entertainment, for matters relating to the Circuit Court or are expenditures limited solely to expenses of the Circuit Clerk?
Section 483.310, RSMo Supp. 1990, provides:
 483.310. Investment of funds in registry in savings deposits — income, how used — clerk defined. — 1. Whenever any funds are paid into the registry of any circuit court and the court determines, upon its own finding or after application by one of the parties, that such funds can be reasonably expected to remain on deposit for a period sufficient to provide income through investment, the court may make an order directing the clerk to deposit such funds as are described in the order in savings deposits in banks, savings and loan associations, or in United States treasury bills. Deposits of such funds in any bank or savings and loan association shall not exceed the limits of the federal deposit insurance on accounts in such institution. All such accounts shall be in the name of the "Clerk of the _______________ Court as Trustee in _______________________ (Style and Cause Number)", the exact name to be prescribed in the court's order. The court may prescribe a bond or other guarantee for the security of the fund. Necessary costs, including reasonable costs for administering the investment, may be paid from the income received from the investment of the trust fund. The net income so derived shall be added to and become a part of the principal.
 2. In the absence of such an application by one of the parties within sixty days from the payment of such funds into the registry of the court, the clerk of the court may invest funds placed in the registry of the court in savings deposits in banks or savings and loan associations carrying federal deposit insurance to the extent of the insurance or in United States treasury bills and the income derived therefrom may be used by the clerk for paying the premiums on bonds of employees of the clerk, rent on safety deposit boxes, subscriptions on publications available pursuant to section 477.235, RSMo, books and publications of the Missouri bar and books and other publications and materials published by the state of Missouri, printing of pamphlets or booklets of the rules adopted by the court or clerk and forms used in the court which comply with the statutes of the state of Missouri and the rules of the supreme court, copies of which shall be distributed to litigants and members of the bar practicing in the court, and other expenditures of the circuit clerk's office, and the balance, if any, shall be paid into the general revenue fund of the county, except that when provision is made in a county charter for the appointment of a court administrator to perform the duties of a circuit clerk or for the appointment of a circuit clerk by the court, such income may also be used for any expenditures of the court other than expenditures for travel or entertainment. If any application for the investment of such funds is filed by one of the parties after sixty days, an order may be entered providing for investment of funds as provided in subsection 1 of this section, and the clerk shall thereupon reinvest such funds within a reasonable time thereafter in accordance with the order.
 3. As used in this section and section 483.312, the term "clerk" shall mean the circuit clerk with respect to funds in those cases for which the circuit clerk is responsible for collecting fees as provided in subsection 1 of section 483.550 and shall also mean those clerks who are designated by or pursuant to subsections 2 and 3 of section 483.550 to collect fees with respect to funds in those cases for which they are so made responsible for collecting fees. [Emphasis added.]
The Circuit Clerk of Ray County is an elected official as provided in Section 483.015, RSMo 1986.
 483.015. Election — term of office — commission exceptions, Jackson County court administrator to be clerk, St. Louis County circuit clerk, how selected — 1. At the general election in the year 1982, and every four years thereafter, except as herein provided and except as otherwise provided by law, circuit clerks shall be elected by the qualified voters of each county and of the city of St. Louis, who shall be commissioned by the governor, and shall enter upon the discharge of their duties on the first day in January next ensuing their election, and shall hold their offices for the term of four years, and until their successors shall be duly elected and qualified, unless sooner removed from office.
 2. The court administrator for Jackson County provided by the charter of Jackson County shall be selected as provided in the county charter and shall exercise all of the powers and duties of the circuit clerk of Jackson County. The director of judicial administration and the circuit clerk of St. Louis County shall be selected as provided in the charter of St. Louis County.
 3. When provision is made in a county charter for the appointment of a court administrator to perform the duties of a circuit clerk or for the appointment of a circuit clerk, such provisions shall prevail over the provisions of this chapter providing for a circuit clerk to be elected. The persons appointed to fill any such appointive positions shall be paid by the counties as provided by the county charter or ordinance; provided, however, that if provision is now or hereafter made by law for the salaries of circuit clerks to be paid by the state, the state shall pay over to the county a sum which is equivalent to the salary that would be payable by law by the state to an elected circuit clerk in such county if such charter provision was not in effect. The sum shall be paid in semimonthly or monthly installments, as designated by the commissioner of administration.
Your first question asks who controls the expenditure of income from investments made pursuant to Section 483.310. Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. MetroAuto Auction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Section 483.310.2 provides that "the income derived therefrom may be used by the clerk" for the enumerated purposes. [Emphasis added.] Based on the plain meaning of this provision, we conclude that the Circuit Clerk controls the expenditure of such income.
Your second question asks whether expenditures are limited solely to expenses of the Circuit Clerk. Section 483.310.2 expressly lists the permitted uses of the income derived from funds invested by the Circuit Clerk. "[W]hen statutes . . . enumerate the things or subjects on which they are to operate, they are to be taken as excluding from their effect all subjects and things not expressly mentioned." DePoortere v. CommercialCredit Corporation, 500 S.W.2d 724, 727 (Mo.App. 1973). In Attorney General Opinion No. 174-87 and Opinion No. 145, Rabbitt, 1970, copies of which are enclosed, we concluded the Circuit Clerk did not have authority to invest funds deposited into the registry of the court in a manner not specifically enumerated in Section 483.310, RSMo. Similarly, we conclude that the Circuit Clerk is without authority to spend the income from such investments in a manner not specifically enumerated in Section 483.310. Such income can be used only for the purposes enumerated in Section 483.310.
Your second question also asks whether income can be expended, "other than for travel and entertainment, for matters relating to the Circuit Court." Although Section 483.310 does refer to such expenditures, these are only permitted "when provision is made in a county charter for the appointment of a court administrator to perform the duties of a circuit clerk or for the appointment of a circuit clerk by the court." Since the Ray County Circuit Clerk is an elected official, this exception does not apply.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 174-87 Opinion No. 145, Rabbitt, 1970